H. C. LISTER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13732.   Promulgated January 8, 1930.

*George E. H. Goodner, Esq.*, and *Walter K. Smith, Esq.*, for the petitioner.

*Arthur H. Murray, Esq.*, for the respondent.

OPINION.

TRUSSELL: The petition filed in this case included the years 1919 and 1923. The respondent has admitted that the alleged deficiency for the year 1923 was settled by compromise in March, 1927, and therefore that there is no deficiency for the year 1923.

The issue presented for the year 1919 is confined to the respondent's assertion of a fraud penalty for that year and is governed by the third paragraph of subdivision (b) of section 250 of the Revenue Act of 1918:

If the understatement is false or fraudulent with intent to evade the tax, then, in lieu of the penalty provided by section 3176 of the Revised Statutes, as amended, for false or fraudulent returns wilfully made, but in addition to other penalties provided by law for false or fraudulent returns, there shall be added as part of the tax 50 per centum of the amount of the deficiency.

As required by section 601 of the Revenue Act of 1928, the respondent assumed the burden of proof and produced as witnesses the representative of one of the banks where petitioner carried a checking account; one of the dealers to whom petitioner sold a part of his product; the person who assisted the petitioner in preparing his 1919 return; and the revenue agent who made the investigation and report,

We have been unable to find in this testimony anything which in our opinion supports an allegation of an actual existing purpose or intent on behalf of the petitioner to evade the payment of income taxes. We are satisfied from the testimony of these witnesses that the gross income of the petitioner for 1919 was understated, but we have also the testimony of the petitioner and of the man who assisted him in the preparation of his return, and their testimony, we think, controverts the allegations of a purpose to evade tax. It shows conclusively that the petitioner was wholly unable to understand or to prepare an income-tax return for 1919; that he sought the assistance of one whom he believed capable of assisting him; that together they made up a return which, according to their understanding, set out the respective items of gross income and of deductions which the law required the petitioner to report; and that the return was improperly prepared. The record satisfies us that the understatement resulted from inability to understand the requirements of the law and amounted only to an error of law. Ignorance is not the basis of an assertion of a fraud penalty. *George L. Rickard*, 15 B. T. A. 316.

The record further shows that petitioner's accounting methods were crude and inadequate. Cf. *Williamson Milling Co.*, 5 B. T. A. 814; *Gutterman Strauss Co.*, 2 B. T. A. 433; *A. R. Swartz & Co.*, 5 B. T. A. 264; *Louis Wald*, 8 B. T. A. 1003.

The record further shows that immediately upon being advised both by the examining revenue agent and accountants employed by himself, the petitioner promptly admitted his error and paid the additional taxes asserted against him for that year. The acceptance and payment of the additional taxes does not sustain a charge of fraud. *E. C. Humphreys*, 9 B. T. A. 656.

We therefore conclude, after a careful consideration of the evidence, that there is no basis for the assertion of the penalty for fraud and we must find that there is no deficiency. This renders unnecessary a consideration of the other matters urged in the pleadings and the petitioner's brief.

*Judgment will be entered for the petitioner.*